**O'HAGAN MEYER LLP**
EFTHALIA S. ROFOS, SB# 309065
    E-Mail: TRofos@ohaganmeyer.com
SPYROS STAIKOS, SB#354848
    E-Mail: SStaikos@ohaganmeyer.com
4695 MacArthur Court, Suite 900
Newport Beach, California 92660
Telephone: 949.519.2080
Facsimile: 949.519.2110

Attorneys for Defendant,
WESTERN TRAFFIC CONTROL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH PADILLA and ARMANDO BERNAL, as individuals and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>WESTERN TRAFFIC CONTROL, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 3:25-CV-01949<br><br>(Sonoma County Superior Court Case No. 24CV07026)<br><br>**DEFENDANT WESTERN TRAFFIC CONTROL, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c) [FEDERAL QUESTION JURISDICTION]**<br><br>*[Filed concurrently with Civil Case Cover Sheet; Declaration of Spyros Staikos, Esq.; and Certificate of Interested Parties]* |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

I.      COMPLAINT AND TIMELINESS OF REMOVAL....................................................... 5

II.     VENUE ................................................................................................................................. 7

III.    DIVISIONAL ASSIGNMENT ......................................................................................... 7

IV.     JURISDICTION ................................................................................................................. 7

   A.    The Majority of Plaintiffs' Claims on Behalf of Themselves as Unionized Alleged
      Aggrieved Employees Expressly Involve Rights Existing Solely Under the Laborers
      CBA...................................................................................................................................... 10

V.      SUPPLEMENTAL JURISDICTION .......................................................................... 20

VI.     TIMELINESS OF REMOVAL...................................................................................... 20

VII.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT................. 21

VIII.   CONCLUSION ................................................................................................................. 21

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*Alaska Airlines Inc. v. Schurke*,
  898 F.3d 904, 951 (9th Cir. 2018) ............................................................................8

4

5

*Allis-Chalmers Corp. v. Lueck,*
  571 U.S. 202, 211 (1985) .........................................................................................8

6

7

*Buck v. Cemex, Inc.,*
  No. 1:13-CV-00701-LJO, 2013 U.S. Dist. LEXIS 124111, at *17 (E.D. Cal. Aug.
  29, 2013)...................................................................................................................20

8

9

*Burnside v. Kiewit Pac. Corp.*,
  491 F.3d 1053, 1059 (9th Cir. 2007)........................................................................8

10

11

*Caterpillar Inc. v. Williams,*
  482 U.S. 386, 393 (1987) .....................................................................................9, 10

12

13

*Coria v. Recology, Inc.*,
  63 F.Supp.3d 1093, 1099, (N.D.Cal. Aug. 7, 2014) ..........................................17, 20

14

15

*Curtis v. Irwin Indus., Inc.,*
  913 F.3d 1146, 1155 (9th Cir. 2019)......................................................................8, 9

16

17

*Doijode v. Sears*,
  2006 U.S. Dist. LEXIS 3186, *8..............................................................................21

18

19

*Firestone v. Southern Cal. Gas. Co.*,
  219 F.3d 1063, 1065 (9th Cir. 2000)......................................................................7, 8

20

21

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust,*
  463 U.S. 1, 23 (1983) ................................................................................................9

22

23

*Giles v. Canus Corp.,*
  No. 22-CV-03097-MMC, 2022 U.S. Dist. LEXIS 146789, at *14 (N.D. Cal. Aug.
  16, 2022)..............................................................................................................18, 19

24

25

*Hayden v. Reickerd,*
  957 F.2d 1506, 1509 (9th Cir. 1991)........................................................................10

26

27

*Kobold v. Good Samaritan Reg'l Med. Ctr.*
  (9th Cir. 2016) 832 F.3d 1024, 1032........................................................................16

28

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

*Lingle v. Norge Div. of Magic Chef Inc.*,
   486 U.S. 399, 411 (1988) ....................................................................................8

*Lippitt v. Raymond James Fin. Servs., Inc.*
   340 F.3d 1033, 1041 (9th Cir. 2003) ...............................................................9

*Medrano v. Genco Supply Chain Solutions*,
   2011 U.S. Dist. LEXIS 2315, *46-48 ...........................................................21

*Metro. Life Ins. v. Taylor*,
   481 U.S. 58, 65 (1987) ....................................................................................8

*Moore-Thomas v. Alaska Airlines, Inc.*,
   553 F.3d 1241 (9th Cir. 2009) .........................................................................9

*Murphy Bros. v. Michetti Pipe Stringing*,
   526 U.S. 344, 347-348 ...................................................................................21

*Newberry v. Pac. Racing Ass'n*,
   854 F.2d 1142, 1146 (9th Cir. 1988) ..............................................................8

*Schroeder v. Trans World Airlines, Inc.*,
   702 F.2d 189, 191 (9th Cir. 1983) ...................................................................9

*Scott v. Machinists Automotive Trades Dist. Lodge No. 190*,
   827 F.2d 589, 594 ............................................................................14, 18, 19

**Statutes**

28 U.S.C. § 1367(a) ...............................................................................................20

28 U.S.C. § 1446(b)(3) ..........................................................................................20

Cal. Code Regs. tit. 8, § 11160 11(E) ...................................................................17

Cal. Lab. Code § 514 .............................................................................................16

Labor Management Relations Act ("LMRA"),
   29 U.S.C. § 185 ...........................................................................................7, 9

LMRA, 29 U.S.C. § 152(2) .....................................................................................9

National Labor Relations Act, 29 U.S.C. § 152(5) .................................................9

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

**TO THE HONORABLE COURT, TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant WESTERN TRAFFIC CONTROL, INC., a California corporation ("Defendant" or "Western Traffic"), hereby removes the above-captioned action from the Superior Court of California, County of Sonoma, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331 and 1441(c) based on federal question jurisdiction.

## I.  COMPLAINT AND TIMELINESS OF REMOVAL

1. On November 21, 2024, Plaintiffs ELIZABETH PADILLA and ARMANDO BERNAL, as individuals and on behalf of all others similarly situated, (collectively "Plaintiffs"), filed their Complaint in the Superior Court of the State of California in and for the County of Sonoma, entitled *ELIZABETH PADILLA, and ARMANDO BERNAL, as individuals and on behalf of all others similarly situated v. WESTERN TRAFFIC CONTROL, INC., a California Corporation; and DOES 1 through 100, inclusive,* Case No. 24CV07026, against defendant WESTERN TRAFFIC CONTROL, INC., a California corporation; and DOES 1 through 100, inclusive. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**. [*See* Declaration of Spyros Staikos in Support of Removal ("Staikos Decl."), at ¶ 2] The Complaint alleges eleven (11) class action allegations: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) waiting time penalties; (6) wage statement violations; (7) failure to timely pay wages; (8) failure to indemnify; (9) failure to pay interest on deposits; (10) violation of labor code § 227.3 and; (11) unfair competition. A true and correct copy of Plaintiff's Summons is attached hereto as **Exhibit 2**. A true and correct copy of the Civil Cover Sheet filed by Plaintiffs in relation to the Complaint is attached hereto as **Exhibit 3**. Western Traffic Control was sub-served on January 14, 2025, and the date of mailing of the Summons and Complaint was January 15, 2025. Plaintiffs filed a Proof of Service

for the Complaint on January 17, 2025. A true and correct copy of the Proof of Service is attached hereto as **Exhibit 4**.  On November 22, 2024, the Clerk of the Sonoma County Superior Court filed a Notice of Assignment to 1 Judge and Notice of Case Management Conference. A true and correct copy of the Notice is attached to the Notice of Removal as **Exhibit 5**.  On February 18, 2025, Defendant served and filed the Superior Court of the State of California, County of Sonoma, an Answer to Plaintiffs' Complaint. As of today's date, a conformed copy has not been returned by the Court yet, but will be filed with this court upon receipt. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as **Exhibit 6.**

2.　　There is a collective bargaining agreement ("CBA") that applied to Plaintiffs during the times mentioned in the Complaint. [*See* Staikos Decl. ¶ 6.] The applicable CBA is the "Northern California AGC/Laborers Master Agreement (2022 through 2027)" (the "Laborers CBA"). [*See* Staikos Decl. ¶ 6, Exhibit A.] The Northern California District Council of Laborers Hiring Hall Local 324 will hereafter be referred to as the "Union."

3.　　Plaintiffs Elizabeth Padilla and Armando Bernal were members of the Construction & General Laborers' Union Local #324, and as such are Union Members subject to the provisions of the Laborers CBA. [See Staikos Decl. ¶ 7, Exhibit B.]

4.　　There is an addendum to the Laborers CBA enumerating additional wage and benefit rates depending on the job position and classification of the Union member. It is entitled "2022-2027 Laborers' Master Agreement Associated General Contractors (AGC) Northern California District Council of Laborers Wage & Fringe Benefit Rates" ("Laborers Benefit Rates"). [*See* Staikos Decl. ¶ 8, Exhibit C.]

5.　　This Notice of Removal is filed within the thirty (30) day limit for removal set forth in 28 U.S.C. § 1446(b)(3) following effectuation of proper service.
/ / /

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

## II.  VENUE

6.    Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a) because this Court's territorial jurisdiction includes Sonoma County, California, where the State Court Action was filed and is pending.

## III.  DIVISIONAL ASSIGNMENT

7.    This Action will be assigned to the San Francisco and Oakland Division of the Northern District of California pursuant to Civil L.R. 3-2(d), as the State Court Action was filed and is pending in Sonoma County, California, and allegedly arose in Sonoma County, California.

## IV.  JURISDICTION

8.    This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to 28 U.S.C. § 1441(a), as it is a civil action that presents a federal question.

9.    Federal jurisdiction is proper because Plaintiffs, as unionized employees, assert claims that (a) expressly arise out of or involve a right existing solely under the Laborers CBA or (b) require interpretation of the Laborers CBA. To this extent, Plaintiffs have brought claims completely preempted by federal law per section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301").

10.    Under Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a); *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge*

*Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

11.    A state law cause of action that involves a right existing solely under a CBA is subject to Section 301 preemption. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). When a CBA satisfies a statutory exemption, the CBA is the progenitor for the right at issue and the independent statutory right no longer exists. *Curtis v. Irwin Indus., Inc.,* 913 F.3d 1146, 1155 (9th Cir. 2019).

12.    In addition, Section 301 preempts state law claims that substantially depend on interpretation of a CBA. *Curtis,* 913 F.3d at 1155; *Firestone,* 219 F.3d at 1066–67. This is so even if interpretation is required to evaluate an employer's defense to a state law cause of action. *Curtis,* 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, Section 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (*citing Metro. Life Ins. v. Taylor,* 481 U.S. 58, 65 (1987)). State law claims raised on behalf of union-represented employees that require interpretation of a CBA must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck,* 571 U.S. 202, 211 (1985). "The preemptive force of [S]ection 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement ... and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n,* 854 F.2d 1142, 1146 (9th Cir. 1988).

13.    The fact that a complaint omits mention of a union, a CBA, or the like is insufficient to avoid federal jurisdiction under Section 301. Artfully pleading around a CBA and couching actual federal claims as state law claims cannot avoid Section 301 preemption because "a CBA dispute in state law garb" is preempted by Section 301 notwithstanding the title of the claim. *See*, *e.g., Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 951 (9th Cir. 2018). An artfully pleaded state law claim is properly "recharacterized" as a federal claim under the complete preemption

doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

14.    A court may properly look beyond the face of a complaint to determine whether the claims asserted are preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003). Also, a court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.,* 702 F.2d 189, 191 (9th Cir. 1983), *overruled in part on other grounds, Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009).

15.    "[F]ederal preemption under Section 301 is an essential component of federal labor policy." *Curtis*, 913 F.3d at 1152.

16.    The Union is a labor organization within the meaning of section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and Section 301.

17.    Defendant Wester Traffic Control is an "employer" within the meaning of the LMRA, 29 U.S.C. § 152(2).

18.    At all times relevant to this action, Defendant Western Traffic Control was an employer employing employees in an industry affecting commerce within the meaning of section 2(7) of the LMRA.

19.    As further described below, the California Labor Code violations underpinning Plaintiffs' claims on behalf of themselves as unionized alleged aggrieved employees are "founded directly on rights created by [a] collective bargaining agreement[]" and/or are substantially dependent on an analysis and

interpretation of a CBA. *See Hayden v. Reickerd,* 957 F.2d 1506, 1509 (9th Cir. 1991); *see also, Caterpillar Inc.,* 482 U.S. at 394.

A.    **The Majority of Plaintiffs' Claims on Behalf of Themselves as Unionized Alleged Aggrieved Employees Expressly Involve Rights Existing Solely Under the Laborers CBA**

20.    Plaintiffs seek, inter alia, damages predicated on these alleged Labor Code violations:  (1) failure to pay overtime wages, (2) failure to pay minimum wages, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) waiting time penalties, (6) wage statement violations, (7) failure to timely pay wages, (8) failure to indemnify, and (9) violation of labor code § 404. *See generally,* Exh. 1.

21.    *Hours and Overtime*: The Laborers CBA provides for the hours of covered employees. Section 20A(1) of the Laborers CBA defines a work day generally as "[e]ight (8) consecutive hours (exclusive of meal period) for straight time rates unless the job or project is on a four-ten (4x10) hour day work week in which case the workday shall be ten (10) consecutive hours (exclusive of meal period) at straight time rates." Staikos Decl. ¶ 6, Exh. A. With respect to a work week generally, Section 20A(2) defines it as "on single shift work and on the first shift of a multiple shift operation, five (5) consecutive days of eight (8) consecutive hours (exclusive of meal period), Monday through Friday." *Id*. The Laborers CBA further provides specific rules for varying types of shift work, weekends and holidays, and other considerations that are dependent on the union members' specific job. (*Id*. at Section 20A.) Section 20A of the Laborers CBA is entitled "Overtime Rates, Hours and Working Conditions." *Id*. It prescribes the terms of overtime in a single work day, a work week, a special single shift, on weekends, and on holidays. (*Id*. At Section 20A(1)-(8).)

22.    *Wages*:  The Laborers CBA provides a carefully crafted set of rules outlining the provision of wages under various situations. Section 10, entitled

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

"Payment of Wages," states that "[e]ach employee shall be paid wages in full each week before or at quitting time on the Individual Employer's regular pay day unless specific arrangements to the contrary are made in writing between the Individual Employer and appropriate Local Union of the Union." It further states that "[a]ny dispute regarding waiting time penalties shall be subject to the Grievance Procedures in this Agreement with not more than eight (8) hours pay at the straight time rate charged for any calendar day with a maximum of ten (10) days provided, however, that where the non-payment or delayed payment is willful, repeated, or intentional, the Board of Adjustment may award up to thirty (30) days' waiting penalties." [*See* Staikos Decl. ¶ 6, Exh. A.] Section 18 of the Laborers CBA is entitled "Wages." *Id* at Section 18. It affirms that minimum wages for unionized laborers are set forth depending on their classification in Supplements Nos. 1-7 of the Laborers CBA. *Id*. These minimum rates of pay, as well as other applicable benefits, are further codified in the addendum to the Laborers CBA entitled "2022-2027 Laborers' Master Agreement Associated General Contractors (AGC) Norther California District Council of Laborers Wage & Fringe Benefit Rates" (hereinafter "Laborers Benefit Rates").  [*See* Staikos Decl. ¶ 8, Exh. C.]

      23.    <u>*Meal Periods*</u>: The Laborers CBA provides for detailed rules concerning the provision of meal periods. Indeed, Section 6 of the Laborers CBA is entitled "Lunch Time, Rest Periods, & Heat Illness Preventative Recovery Period." [*See* Staikos Decl. ¶ 6, Exh. A, Section 6.] It states that "[T]here shall be a regularly established meal period. The meal period shall be one-half hour and shall be scheduled to begin not more than one-half hour before and completed not later than one (1) hour after the midpoint of the regularly scheduled hours of work of each Employee's shift." *Id* at Section 6A. It further accounts for overtime rates that must be paid should an employee perform work during a scheduled meal period.

      24.    <u>*Rest Periods*</u>:  The Laborers CBA provides for detailed rules concerning the provision of rest periods, which are compliant with the legal ten (10)

minute requirement. *See* Staikos Decl. ¶ 6, Exh. A, Section 6B ("Employees shall be authorized and shall be permitted to take a total of ten (10) minutes during each four (4) hour segment of their assigned work shift for a rest period. There shall be no formal organized rest periods during working hours and as far as practicable the break will be taken as near to the middle of each four (4) hour work segment as possible.")

25.      *Grievance and Arbitration Procedure*:  The Laborers CBA provides a detailed and multi-step process for resolving grievances. Disputes arising on a job shall be first reported to the Employer or the designated Union representative. *See* Staikos Decl. ¶ 6, Exh. A, Section 9(1) ("In the event that a dispute arises on a job, it shall be first reported to the Individual Employer and/or the Business Agent of the appropriate Local Union who shall then attempt to adjust said grievance or dispute at the job site level.") If the dispute is not addressed by the Employer, the Local Union, or the designated Union representative within three (3) days after submission to the Individual Employer, the matter may be escalated to a permanent Board of Adjustment. *Id* at Section 9(3). ("If said grievance or dispute is not satisfactorily adjusted by the appropriate Local Union or otherwise authorized Union Representative and the Individual Employer or his/her representative within three (3) days after submission to the Individual Employer, the matter may be submitted by either party to a permanent Board of Adjustment created for the settlement of such disputes.") The composition and procedures for the Board of Adjustment are set forth in detail in the Laborers CBA. *See* Staikos Decl. ¶ 6, Exh. A, Sections 9(4, 5(a)-(d)). ("The Board of Adjustment shall be composed of two (2) members named by the Union, two (2) members named by the Association and an Impartial Arbitrator. At any point in the proceedings, should the panel be unable to reach a majority vote, the Arbitrator shall participate and his/her decision shall be final and binding.") The parties involved in a dispute are responsible for selecting an impartial arbitrator who will abide by the procedures enumerated in the Laborers

CBA. *See* Staikos Decl. ¶ 6, Exh. A, Section 9(5(d)). ("The parties shall select and utilize one (1) permanent impartial arbitrator who is willing to abide by the procedures set forth herein [the Laborers CBA]"). The aforementioned grievance and arbitration procedure prohibits claims involving wage, hour, and associated penalties, from being brought in a court of law or before any administrative agency. Such claims are required to be resolved pursuant to the Laborers CBA grievance procedure on an individual employee basis, and cannot be brought as a class action or on a representative basis. *See* Staikos Decl. ¶ 6, Exh. A, Section 9(20-22). ("[D]isputes concerning the interpretation or application of this Agreement, all claims and claims for associated penalties arising under the federal Fair Labor Standards Act, the California Labor Code, and Wage Order 16, will be resolved through the procedures set forth in this Section 9; such claims may not be brought in a court of law or before any administrative agency such as the California Labor Commissioner…[A]ll employee disputes concerning violations of, or arising under Wage Order 16, federal, state, and local law concerning wage-hour requirements, wage payments and meal or rest periods, including claims arising under the Fair Labor Standards Act shall be subject to and must be processed by the employee pursuant to the procedures set forth in Section 9 [of the Laborers CBA] as the sole exclusive remedy…Grievances and arbitrations of all statutory disputes shall be brought by the individual employee in an individual capacity only and not as a grievant or class member in any purported class or representative grievance or arbitration proceeding.")

26. *Vacation Pay*: The Laborers CBA provides guidelines and limitations regarding vacation pay. Under the Laborers CBA "employee[s] shall be paid wages in full each week before or at quitting time." *See* Staikos Decl. ¶ 6, Exh. A, Section 10. The rate of vacation accrual is determined in the Laborers CBA supplements and in the Laborers Benefit Rates. *See* Staikos Decl. ¶ 6, Exh. A, Supplements 1-7, Exh.

27. Some of Plaintiffs' claims arise exclusively out of the Laborers CBA,

as described below.

28.    _Generally, as to the claims for (1) failure to pay overtime wages, (2) failure to pay minimum wages, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) waiting time penalties, (6) wage statement violations, (7) failure to timely pay wages, (8) violation of labor code § 2802, and (9) violation of labor code § 404_ where a "claim cannot be evaluated apart from the grievance procedure provided by the [collective bargaining] contract, [it] is preempted by federal labor law." _Scott v. Machinists Automotive Trades Dist. Lodge No. 190_, 827 F.2d 589, 594 (September 8, 1987). Plaintiffs contends that Defendant failed to pay overtime wages (Exh. 1 ¶ 37), failed to pay minimum wages (Exh. 1 ¶ 44), failed to provide meal periods (Exh. 1 ¶ 50) and failed to provide rest periods (Exh. 1 ¶ 58). To the extent Plaintiffs' claims for failure to pay wages due upon termination (Exh. 1 ¶ 66), failure to provide accurate wage statements (Exh. 1 ¶ 74), and failure to timely pay wages during employment (Exh. 1 ¶ 82) are based on alleged unpaid minimum, overtime and vacation wages and meal and rest break premiums, these claim cannot be evaluated apart from the foregoing tenets of the Laborers CBA and grievance procedure therein. Plaintiff's additional labor code allegations regarding Defendant's failure to indemnify employees for all necessary expenditures (Exh. 1 ¶ 89, 96) are also explicitly addressed in the grievance procedure Plaintiffs failed to exhaust. Accordingly, such claims are preempted by federal labor law.

a.    _Failure to Follow Grievance Procedure_: Plaintiffs failed to follow the grievance procedure required by the Laborers CBA by failing to present a grievance with respect to their claims regarding alleged labor code violations. Plaintiffs first deviated from the mandatory grievance procedure by failing to present their grievance(s) to either their Employer or their Local Union Representative, as prescribed by the Laborers CBA. _See_ Staikos Decl. ¶ 6, Exh. A, Section 9(1). Plaintiffs further failed to allow their Employer or otherwise authorized Local Union Representative to satisfactorily remedy or adjust their

submitted grievance within three (3) days of their submission. *Id* at Section 9(3). Plaintiffs further failed to adhere to the grievance procedure by not submitting their grievances to an Impartial Arbitrator in the event that their initial submission was not resolved within the aforementioned three (3) day window. *Id* at Section 9(3-4). With respect to Plaintiffs' specific causes of action, the Laborers CBA affirms that "all employee disputes concerning violations of, or arising under Wage Order 16, the California Labor Code Sections identified in California Labor Code Section 2699.5 as amended, the California Private Attorney General Act, federal, state, and local law concerning wage-hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act shall be subject to and must be processed by the employee pursuant to the procedures set forth in Section 9 as the *sole exclusive remedy*." *See* Staikos Decl. ¶ 6, Exh. A, Section 9(21). Plaintiffs' express failure to exhaust the mandatory grievance process is further cemented by the requirement that "claims may not be brought in a court of law or before any administrative agency such as the California Labor Commissioner…Grievances and arbitrations of all statutory disputes shall be brought by the individual employee in an individual capacity only and not as a grievant or class member in any purported class or representative grievance or arbitration proceeding." *Id* at Section 9(20-22). As such, Plaintiffs' claims cannot be evaluated apart from the Laborers CBA's grievance procedure and accordingly are preempted by federal labor law.

29.    <u>*As to the claim of failure to pay overtime wages*</u>, such claim is preempted by federal law because (a) Plaintiffs' right to overtime exists solely as a result of the Laborers CBA, and (b) it cannot be evaluated apart from the Laborers CBA's grievance procedure.

a.    "By its terms… the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA." *Curtis*, 913 F.3d 1146, 1154. "If [the employee]'s CBA in this case meets

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

the requirements of section 514, [his] right to overtime 'exists solely as a result of the CBA' and is therefore preempted under § 301." *Id.* (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.* (9th Cir. 2016) 832 F.3d 1024, 1032). Cal. Lab. Code § 514 requires that a CBA "expressly provide for the wages, hours of work, and working conditions of the employees" and provide "premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

     i. *Wages*: As stated above, the Laborers CBA provides a carefully crafted set of rules outlining the provision of wages under various situations. Sections 18,19, 20A, Supplements 1-7, and the Laborers Benefit Rates establish the default, minimum straight time rate for regular hours of work. *See* Staikos Decl. ¶ 6, Exh. A, Sections 18, 19, 20A Supplements 1-7, Staikos Decl ¶ 8, Exh. C.

     ii. *Hours*: Section 20A(1) of the Laborers CBA defines a work day generally as "[e]ight (8) consecutive hours (exclusive of meal period) for straight time rates unless the job or project is on a four-ten (4x10) hour day work week in which case the workday shall be ten (10) consecutive hours (exclusive of meal period) at straight time rates." *See* Staikos Decl. ¶ 6, Exh. A. With respect to a work week generally, Section 20A(2) defines it as "on single shift work and on the first shift of a multiple shift operation, five (5) consecutive days of eight (8) consecutive hours (exclusive of meal period), Monday through Friday." *Id*. The Laborers CBA further provides specific rules for varying types of shift work, weekends and holidays, and other considerations that are dependent on the union members' specific job. (*Id*. at Section 20A.) Section 20A of the Laborers CBA is entitled "Overtime Rates, Hours and Working Conditions." *Id*. It prescribes the terms of overtime in a single work day, a work week, a special single shift, on weekends, and on holidays. (*Id*. At Section 20A(1)-(8).)

/ / /

1           iii.      *Minimum Wage*: As noted earlier, wages for Union

2   Members are identified in Sections 18, 19 and Supplements 1-7 of the Laborers

3   CBA. *See* Staikos Decl. ¶ 6, Exh. A, Section 18, 19, Supplements 1-7, Staikos Decl.

4   ¶ 8 Exh. C. Per those provisions, the Laborers CBA provides in excess of 30 percent

5   more than the state minimum wage for each year applicable to the Complaint:

6        30.    *As to the claim of failure to provide rest breaks*, such claim is

7   preempted by federal law because (a) the Wage Order's rules regarding rest periods

8   do not apply to Plaintiffs, (b) the claim is dependent on the CBA, and (c) it cannot

9   be evaluated apart from the Laborers CBA's grievance procedure.

10           a.     Section 11(E) of Wage Order 16, codified at Cal. Code Regs. tit.

11   8, § 11160 11(E), states that the Wage Order's rules regarding rest periods "shall not

12   apply to any employee covered by a valid collective bargaining agreement if the

13   collective bargaining agreement provides equivalent protection." Here, the Laborers

14   CBA entitles covered alleged aggrieved employees to take a total of ten (10)

15   minutes during each four (4) hour segment of their assigned work shift for a rest

16   period. Second rest periods may be added to the end of the meal period or workday

17   when working conditions so dictate. Furthermore, employees who work more than

18   ten (10) hours shall be authorized and permitted three ten (10) minute rest periods.

19   Staikos Decl. ¶ 5, Exh. A, Section 6B. The Laborers CBA thus encompasses the

20   core requirements of Wage Order 16 and leads to preemption.

21           b.     Where a collective bargaining agreement directly addresses

22   "when and for how long an employee may take meal and rest periods," such claims

23   are dependent upon the collective bargaining agreement. *Coria v. Recology, Inc.*, 63

24   F.Supp.3d 1093, 1099, (N.D.Cal. Aug. 7, 2014) (finding that the plaintiff's overtime

25   claim, which was based on meal and rest period claims, was preempted, as were

26   other claims which were "inextricably intertwined with plaintiff's meal and

27   overtime claims"). Here, as addressed above, the CBA addresses when and for how

28   long an employee may take rest periods, making Plaintiffs' rest period claim

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

dependent upon the CBA.

        c.     Where a "claim cannot be evaluated apart from the grievance procedure provided by the [collective bargaining] contract, [it] is preempted by federal labor law." *Scott*, *supra*, at 594. Plaintiffs failed to follow the grievance procedure required by the Laborers CBA Section 9 by failing to submit a grievance to their Employer or Local Union Representative with respect to the rest break claim. As such, this claim cannot be evaluated apart from the Laborers CBA's grievance procedure and accordingly is preempted under Section 301.

     31.    *As to the claim of failure to pay for all hours worked*, such claim is preempted by federal law because (a) it is derivative of Plaintiffs' overtime wage and meal break claims, and (b) it cannot be evaluated apart from the Laborers CBA's grievance procedure.

        a.     Plaintiffs contends that Defendant failed to compensate them for overtime wages and failed to provide 30-minute, duty-free meal periods. Exh. 1 ¶ 41, 54. To the extent this claim is derivative of overtime wage and meal break claims which are properly subject to federal jurisdiction, this Court would have Section 301 preemption jurisdiction over this derivative claim. See, *e.g., Giles v. Canus Corp.,* No. 22-CV-03097-MMC, 2022 U.S. Dist. LEXIS 146789, at *14 (N.D. Cal. Aug. 16, 2022).

        b.     Where a "claim cannot be evaluated apart from the grievance procedure provided by the [collective bargaining] contract, [it] is preempted by federal labor law." *Scott*, *supra*, at 594. Plaintiffs failed to follow the grievance procedure required by the Laborers CBA Section 9 by failing to submit a grievance to their Employer or Local Union Representative with respect to the rest break claim. As such, this claim cannot be evaluated apart from the Laborers CBA's grievance procedure and accordingly is preempted under Section 301.

     32.    *As to the claim of failure to pay wages due upon termination*, such claim is preempted by federal law because the merits of Plaintiffs' claim require

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441(c)

interpretation of the Laborers CBA and it cannot be evaluated apart from the Laborers CBA's. Where a "claim cannot be evaluated apart from the grievance procedure provided by the [collective bargaining] contract, [it] is preempted by federal labor law." *Scott v. Machinists Automotive Trades Dist. Lodge No. 190*, 827 F.2d 589, 594. Plaintiffs failed to follow the grievance procedure required by the Laborers CBA Section 9 by failing to submit a grievance to Western Traffic Control or the designated Local Union Representative with respect to the wages upon separation claim. As such, the wages upon separation claim cannot be evaluated apart from the Laborers CBA's grievance procedure and accordingly is preempted by federal labor law. Where a "claim cannot be evaluated apart from the grievance procedure provided by the [collective bargaining] contract, [it] is preempted by federal labor law." *Scott*, *supra*, at 594. Plaintiffs failed to follow the grievance procedure required by the Laborers CBA Section 9 by failing to submit a grievance to their Employer or the Local Union Representative with respect to the wage

33.    <u>*As to the claim of failure to provide accurate itemized wage statements*</u>, such claim is preempted by federal law because (a) it is derivative of Plaintiffs' minimum and overtime wage claims, (b) it cannot be evaluated apart from the Laborers CBA's grievance procedure.

a.    Plaintiffs contends that Western Traffic's wage statements did not accurately itemize gross wages earned, total hours worked, net wages, all applicable hourly rates in effect, and the corresponding number of hours worked at each hourly rate. *See* Exh. 1 ¶ 77. To the extent this claim is derivative of minimum and overtime wage claims which are properly subject to federal jurisdiction, this Court would have Section 301 preemption jurisdiction over this derivative claim. See, *e.g., Giles*, 2022 U.S. Dist. LEXIS 146789, at *14.

b.    Where a "claim cannot be evaluated apart from the grievance procedure provided by the [collective bargaining] contract, [it] is preempted by federal labor law." *Scott*, *supra*, at 594. Plaintiffs failed to follow the grievance

procedure required by the Laborers CBA Section 9 by failing to submit a grievance to their Employer or the Local Union Representative with respect to the wage statement claim. As such, this claim cannot be evaluated apart from the Laborers CBA's grievance procedure and is therefore preempted under Section 301.

## V.    SUPPLEMENTAL JURISDICTION

34.    To the extent there are claims alleging California Labor Code violations that do not arise under Section 301, those claims remain within this Court's supplemental jurisdiction per 28 U.S.C. § 1367(a) in that those claims are so related to the federal causes of action that they form part of the same case or controversy under Article III of the United States Constitution. *See Buck v. Cemex, Inc.,* No. 1:13-CV-00701-LJO, 2013 U.S. Dist. LEXIS 124111, at *17 (E.D. Cal. Aug. 29, 2013) (plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the court even if only tangentially involved with the CBA); *see also Coria v. Recology, Inc.,* 63 F. Supp. 3d 1093, 1100 (N.D. Cal. 2014) (recognizing that plaintiff's additional state law claims under California statutory and common law, including various provisions of the Labor Code and Wage Orders, all "derive from a common nucleus of operative fact … that a plaintiff would ordinarily be expected to try them in one judicial proceeding."). Thus this action, including violations of labor code § 227.3 and unfair competition, is removable in its entirety.

## VI.    TIMELINESS OF REMOVAL

35.    This Notice of Removal is filed within the thirty (30) day limit for removal set forth in 28 U.S.C. § 1446(b)(3). Removal is timely because Defendant removed within 30 days of the date Plaintiffs' service of the Complaint was properly effectuated.

36.    Service of a summons is deemed complete on the 10th day after the mailing as set forth Cal Code Civ Proc § 415.20. Time to remove is triggered by

effectuation of formal service. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-348; *Medrano v. Genco Supply Chain Solutions*, 2011 U.S. Dist. LEXIS 2315, *46-48; *Doijode v. Sears*, 2006 U.S. Dist. LEXIS 3186, *8. Service of summons was mailed on January 15, 2025, rendering formal service properly effectuated on January 25, 2025. As such, removal is timely.

## VII.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

37.    Contemporaneously with the filing of this Notice in this Court, written notice of such filing will be provided to Plaintiffs' counsel of record.

38.    A copy of the Notice of Removal will also be filed with the Clerk of the Superior Court of the County of Humboldt.

## VIII.    CONCLUSION

39.    For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a), and removal is therefore proper under 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendant respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. 24CV07026 be removed from the Superior Court of California, County of Sonoma, to the docket of this Honorable Court.


DATED: February 24, 2025        **O'HAGAN MEYER LLP**


                                By:    */s/ Spyros Staikos*
                                _____
                                Efthalia S. Rofos
                                Spyros Staikos
                                Attorneys for Defendant,
                                WESTERN TRAFFIC CONTROL. INC.

EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><u>WESTERN TRAFFIC CONTROL, INC.</u>, a California Corporation; and DOES 1 through 100, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ELIZABETH PADILLA and ARMANDO BERNAL, as individuals and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sonoma<br>11/21/2024 1:28 PM<br>By: Ryan Carle, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California **3055 Cleveland Ave.**<br>County of Sonoma-- Civil and Family Law Courthouse **Santa Rosa, CA 95403**<br><del>600 administration Dr, Santa Rosa, CA 95403</del> | **CASE NUMBER:** *(Número del Caso):*<br>24CV07026 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., David D. Bibiyan, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

| | | Ryan Carle |
|---|---|---|
| DATE: 11/21/2024 1:28 PM<br>*(Fecha)* | Robert Oliver | Clerk, by _Ryan Carle_, Deputy<br>*(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WESTERN TRAFFIC CONTROL, INC., A CALIFORNIA CORPORATION

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

# EXHIBIT 2

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Bijan Mohseni (Cal. Bar No. 338276)
*bijan@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiffs, ELIZABETH PADILLA and ARMANDO BERNAL, and on behalf of all others similarly situated

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
11/21/2024 1:28 PM
By: Ryan Carle, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| ELIZABETH PADILLA and ARMANDO BERNAL, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN TRAFFIC CONTROL, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 24CV07026<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. FAILURE TO PAY INTEREST ON DEPOSITS;<br><br>10. VIOLATION OF LABOR CODE § 227.3; and<br><br>11. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $35,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

CLASS ACTION COMPLAINT

25

1   Plaintiffs ELIZABETH PADILLA and ARMANDO BERNAL, on behalf of Plaintiffs and all

2   others similarly situated, allege as follows:

3   **GENERAL ALLEGATIONS**

4   **INTRODUCTION**

5   1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6   Western Traffic Control, Inc., and any of its respective subsidiaries or affiliated companies within the

7   State of California ("WESTERN TRAFFIC CONTROL and collectively, and DOES 1 through 100,

8   as further defined below, "Defendants") on behalf of Plaintiffs and all other current and former non-

9   exempt California employees employed by or formerly employed by Defendants ("Class Members").

10  **PARTIES**

11  A.   **Plaintiffs**

12  2.      Plaintiff ELIZABETH PADILLA is a resident of the State of California.  At all

13  relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

14  employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to traffic

15  control, closing streets, and protecting traffic workers. Plaintiff is informed and believes, and based

16  thereon alleges, that Plaintiff ELIZABETH PADILLA worked for Defendants from approximately

17  March of 2023 through approximately August of 2024.

18  3.      Plaintiff ARMANDO BERNAL is a resident of the State of California.  At all relevant

19  times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed

20  Plaintiff as a non-exempt employee, with duties that included, but were not limited to, setting up signs,

21  closing sidewalks, watching out for pedestrians, and monitoring traffic. Plaintiff is informed and

22  believes, and based thereon alleges, that Plaintiff ARMANDO BERNAL worked for Defendants from

23  approximately June of 2023 through approximately August of 2024.

24  B.   **Defendants**

25  4.      Plaintiffs are informed and believe and based thereon allege that defendant WESTERN

26  TRAFFIC CONTROL is, and at all times relevant hereto was, a Corporation organized and existing

27  under and by virtue of the laws of the State of California and doing business in the County of Sonoma,

28

1  State of California. At all relevant times herein, WESTERN TRAFFIC CONTROL employed

2  Plaintiffs and similarly situated employees within the State of California.

3        5.      The true names and capacities, whether individual, corporate, associate, or otherwise,

4  of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who

5  therefore sue defendants by such fictitious names under Code of Civil Procedure section 474.

6  Plaintiffs are informed and believe and based thereon allege that each of the defendants designated

7  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiffs

8  will seek leave of court to amend this Complaint to reflect the true names and capacities of the

9  defendants designated hereinafter as DOES when such identities become known.  Plaintiffs are

10  informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to

11  this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy

12  in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other

13  defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include

14  WESTERN TRAFFIC CONTROL, and any of their parent, subsidiary, or affiliated companies within

15  the State of California, and DOES 1 through 100 identified herein.

16  **JOINT LIABILITY ALLEGATIONS**

17        6.      Plaintiffs are informed and believe and based thereon allege that all the times

18  mentioned herein, each of the Defendants was the agent, principal, employee, employer,

19  representative, joint venture or co-conspirator of each of the other defendants, either actually or

20  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

21  employment, joint venture, and conspiracy.

22        7.      All of the acts and conduct described herein of each and every corporate defendant was

23  duly authorized, ordered, and directed by the respective and collective defendant corporate employers,

24  and the officers and management-level employees of said corporate employers. In addition thereto,

25  said corporate employers participated in the aforementioned acts and conduct of their said employees,

26  agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct

27  of said corporate employees, agents, and representatives, the defendant corporation respectively and

28

1  collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise

2  approved of each and all of the said acts and conduct of the aforementioned corporate employees,

3  agents and representatives.

4      8.      Plaintiffs are further informed and believe and based thereon allege that DOES 51

5  through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor

6  Code provisions in violation of Labor Code section 558.1.

7      9.      Plaintiffs are informed and believe, and based thereon allege, that there exists such a

8  unity of interest and ownership between Defendants, and each of them, that their individuality and

9  separateness have ceased to exist.

10     10.     Plaintiffs are informed and believe, and based thereon allege that despite the formation

11  of the purported corporate existence of WESTERN TRAFFIC CONTROL, and DOES 1 through 50,

12  inclusive (the "Alter Ego Defendants"), they, and each of them, are one and DOES 51 through 100

13  ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

14      A.   The Alter Ego Defendants are completely dominated and controlled by the Individual

15          Defendants who personally committed the wrongful and illegal acts and violated the

16          laws as set forth in this Complaint, and who has hidden and currently hide behind the

17          Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some

18          other wrongful or inequitable purpose;

19      B.   The Individual Defendants derive actual and significant monetary benefits by and

20          through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego

21          Defendants as the funding source for the Individual Defendants' own personal

22          expenditures;

23      C.   Plaintiffs are informed and believe and thereon allege that the Individual Defendants

24          and the Alter Ego Defendants, while really one and the same, were segregated to appear

25          as though separate and distinct for purposes of perpetrating a fraud, circumventing a

26          statute, or accomplishing some other wrongful or inequitable purpose;

27      D.   Plaintiffs are informed and believe and thereon allege that the business affairs of the

28

1       Individual Defendants and the Alter Ego Defendants are, and at all relevant times

2       mentioned herein were, so mixed and intermingled that the same cannot reasonably be

3       segregated, and the same are inextricable confusion.  The Alter Ego Defendants are,

4       and at all relevant times mentioned herein were, used by the Individual Defendants as

5       mere shells and conduits for the conduct of certain of their, and each of their

6       affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were,

7       the alter egos of the Individual Defendants;

8  E.  The recognition of the separate existence of the Individual Defendants and the Alter

9       Ego Defendants would promote injustice insofar that it would permit defendants to

10       insulate themselves from liability to Plaintiffs for violations of the Civil Code, Labor

11       Code, and other statutory violations. The corporate existence of these defendants

12       should thus be disregarded in equity and for the ends of justice because such disregard

13       is necessary to avoid fraud and injustice to Plaintiff herein;

14  F.  Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual

15       Defendants (and vice versa), and the fiction of their separate corporate existence must

16       be disregarded;

17  11.  As a result of the aforementioned facts, Plaintiffs are informed and believe, and based

18  thereon allege that Defendants, and each of them, are joint employers.

19                       **JURISDICTION**

20  12.  Jurisdiction exists in the Superior Court of the State of California pursuant to Code of

21  Civil Procedure section 410.10.

22  13.  Venue is proper in Sonoma County, California pursuant to Code of Civil Procedure

23  sections 392, et seq. because, among other things, Sonoma is where the causes of action complained

24  of herein arose; the county in which the employment relationship began; the county in which

25  performance of the employment contract, or part of it, between Plaintiffs and Defendants was due to

26  be performed; the county in which the employment contract, or part of it, between Plaintiffs and

27  Defendants was actually performed; and the county in which Defendants, or some of them, reside.

28

1  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiffs and Class Members in

2  Sonoma, and because Defendants employ numerous Class Members in Sonoma County.

3  **FACTUAL BACKGROUND**

4      14.    For at least four (4) years prior to the filing of this action and continuing to the present,

5  Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, or some of

6  them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiffs

7  and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

8  consecutive work days in a work week without being properly compensated for hours worked in

9  excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

10  worked on the seventh consecutive work day in a work week by, among other things, failing to

11  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;

12  engaging, suffering, or permitting employees to work off the clock, including, without limitation, by

13  requiring Plaintiffs and Class Members: to come early to work and leave late work without being able

14  to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to

15  complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for

16  meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or

17  safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the

18  clock, to drive off the clock, and/or go through security screenings and/or temperature checks off the

19  clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive

20  pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular

21  rate of pay for the pay periods where overtime was worked and the additional compensation was

22  earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time

23  entries, editing and/or manipulation of time entries; and by attempting but failing to properly

24  implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to

25  implement a written agreement designating the regularly scheduled alternative workweek in which

26  the specified number of work days and work hours are regularly recurring; failing to adopt the AWS

27  in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the

28

1  affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any

2  AWS election; and/or failing to register an AWS election with the State of California, as required by

3  Labor Code section 511 and applicable Wage Orders)] to the detriment of Plaintiffs and Class

4  Members.

5      15.    For at least four (4) years prior to the filing of this Action and continuing to the present,

6  Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of

7  them, in violation of California state wage and hour laws as a result of, among other things, at times,

8  failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

9  above the minimum wage; engaging, suffering, or permitting employees to work off the clock,

10  including, without limitation, by requiring Plaintiffs and Class Members: to come early to work and

11  leave late work without being able to clock in for all that time, to suffer under Defendants' control

12  due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks

13  after clocking out, to clock out for meal periods and continue working, to clock out for rest periods,

14  to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the

15  clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time

16  entries; editing and/or manipulation of time entries to show less hours than actually worked; failing

17  to pay split shift premiums; and failing to pay reporting time pay] to the detriment of Plaintiffs and

18  Class Members.

19      16.    For at least four (4) years prior to the filing of this Action and continuing to the present,

20  Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full,

21  timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5)

22  hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they

23  worked in excess of ten (10) hours in a work day, and failing to provide compensation for such

24  unprovided meal periods as required by California wage and hour laws.

25      17.    For at least four (4) years prior to the filing of this action and continuing to the present,

26  Defendants have, at times, failed to authorize and permit Plaintiffs and Class Members, or some of

27  them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction

28

1 │ thereof and failed to provide compensation for such unprovided rest periods as required by California

2 │ wage and hour laws.

3 │     18.    For at least three (3) years prior to the filing of this action and continuing to the present,

4 │ Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full

5 │ amount of their wages owed to them upon termination and/or resignation as required by Labor Code

6 │ sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum

7 │ wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

8 │     19.    For at least one (1) year prior to the filing of this Action and continuing to the present,

9 │ Defendants have, at times, failed to furnish Plaintiffs and Class Members, or some of them, with

10 │ itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

11 │ earned; all applicable hourly rates in effect during the pay period and the corresponding number of

12 │ hours worked at each hourly rate; and other such information as required by Labor Code section 226,

13 │ subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an

14 │ accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

15 │     20.    For at least one (1) year prior to the filing of this action and continuing to the present,

16 │ Defendants have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full

17 │ amount of their wages for labor performed in a timely fashion as required under Labor Code section

18 │ 204.

19 │     21.    For at least three (3) years prior to the filing of this action and continuing to the present,

20 │ Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred

21 │ in using cellular phones for work-related purposes.

22 │     22.    For at least three (3) years prior to the filing of the action and continuing to the present,

23 │ Defendants have, at times, failed to return interest on deposits made by Plaintiffs and Class Members,

24 │ or some of them.

25 │     23.    For at least four (4) years prior to the filing of this action and continuing to the present,

26 │ Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated

27 │ employees or former employees within the State of California with compensation at their final rate of

28 │

1    pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

2       24.      For at least four (4) years prior to the filing of this action and continuing to the present,

3 Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated

4 employees or former employees within the State of California with the rights provided to them under

5 the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

6       25.      Plaintiff, on their own behalf and on behalf of Class Members, brings this action

7 pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,

8 227.3, 245, *et seq.,* 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of

9 Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium

10 wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage

11 statement penalties, requiring an agreement in writing to terms and/or conditions which Defendants

12 know is prohibited by law; failure to indemnify work-related expenses, failure to pay interest on

13 deposits made, failing to pay vested vacation time at the proper rate of pay, other such provisions of

14 California law, and reasonable attorneys' fees and costs.

15       26.      Plaintiffs, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

16 Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

17 prohibiting Defendants from further violating the Labor Code and requiring the establishment of

18 appropriate and effective means to prevent further violations, as well as all monies owed but withheld

19 and retained by Defendants to which Plaintiffs and Class Members are entitled, as well as restitution

20 of amounts owed.

21                                 **CLASS ACTION ALLEGATIONS**

22       27.      Plaintiffs bring this action on behalf of Plaintiffs and Class Members as a class action

23 pursuant to Code of Civil Procedure section 382. Plaintiffs seek to represent a class of all current and

24 former non-exempt employees of Defendants within the State of California at any time commencing

25 four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class

26 action is provided to the class (collectively referred to as "Class Members").

27       28.      Plaintiffs reserve the right under California Rule of Court rule 3.765, subdivision (b)

28

1   to amend or modify the class description with greater specificity, further divide the defined class into

2   subclasses, and to further specify or limit the issues for which certification is sought.

3       29.     This action has been brought and may properly be maintained as a class action under

4   the provisions of Code of Civil Procedure section 382 because there is a well-defined community of

5   interest in the litigation and the proposed Class is easily ascertainable.

6       **A.    <u>Numerosity</u>**

7       30.     The potential Class Members as defined are so numerous that joinder of all the

8   members of the Class is impracticable. While the precise number of Class Members has not been

9   determined yet, Plaintiffs are informed and believe that there are over seventy-five (75) Class

10  Members employed by Defendants within the State of California.

11      31.     Accounting for employee turnover during the relevant periods necessarily increases

12  this number.  Plaintiffs allege Defendants' employment records would provide information as to the

13  number and location of all Class Members.  Joinder of all members of the proposed Class is not

14  practicable.

15      **B.    <u>Commonality</u>**

16      32.     There are questions of law and fact common to Class Members.  These common

17  questions include, but are not limited to:

18          A.  Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours

19              worked at a proper overtime rate of pay?

20          B.  Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for

21              all other time worked at the employee's regular rate of pay and a rate of pay that is

22              greater than the applicable minimum wage?

23          C.  Did Defendants violate Labor Code section 512 by not authorizing or permitting Class

24              Members to take compliant meal periods?

25          D.  Did Defendants violate Labor Code section 226.7 by not providing Class Members

26              with additional wages for missed or interrupted meal periods?

27          E.  Did Defendants violate applicable Wage Orders by not authorizing or permitting Class

28

Members to take compliant rest periods?

F.  Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.  Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.  Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.  Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.  Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.  Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.  Did Defendants fail to return deposits made by Class Members with accrued interest thereon as required under Labor Code section 404?

M.  Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time?

N.  Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

O.  Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

P.  Are Class Members entitled to costs and attorneys' fees?

Q.  Are Class Members entitled to interest?

C.  **Typicality**

33.     The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by

1    each Class Member in separate actions. Plaintiffs and Class Members sustained injuries and damages

2    arising out of and caused by Defendants' common course of conduct in violation of laws and

3    regulations that have the force and effect of law and statutes as alleged herein.

4          **D.**    **Adequacy of Representation**

5    34.        Plaintiffs will fairly and adequately represent and protect the interest of Class

6    Members. Counsel who represents Plaintiffs is competent and experienced in litigating wage and

7    hour class actions.

8          **E.**    **Superiority of Class Action**

9    35.        A class action is superior to other available means for the fair and efficient adjudication

10   of this controversy. Individual joinder of all Class Members is not practicable, and questions of law

11   and fact common to Class Members predominate over any questions affecting only individual Class

12   Members. Class Members, as further described therein, have been damaged and are entitled to

13   recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the

14   Labor Code at times, as set out herein.

15   36.        Class action treatment will allow Class Members to litigate their claims in a manner

16   that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of

17   any difficulties that are likely to be encountered in the management of this action that would preclude

18   its maintenance as a class action.

19                    **FIRST CAUSE OF ACTION**

20          **(Failure to Pay Overtime Wages – Against All Defendants)**

21   37.        Plaintiffs reallege and incorporate by reference all of the allegations contained in the

22   preceding paragraphs as though fully set forth hereat.

23   38.        At all relevant times, Plaintiffs and Class Members were employees or former

24   employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

25   Wage Orders.

26   39.        At all times relevant to this Complaint, Labor Code section 510 was in effect and

27   provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

28

1 | one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at
2 | the rate of no less than one and one-half times the regular rate of pay for an employee."

3 |     40.    At all times relevant to this Complaint, Labor Code section 510 further provided that
4 | "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice
5 | the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh
6 | day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

7 |     41.    Four (4) years prior to the filing of the Complaint in this Action through the present,
8 | Plaintiffs and Class Members, at times, worked for Defendants during shifts that consisted of more
9 | than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)
10 | consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a
11 | result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours
12 | actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to
13 | work off the clock, including, without limitation, by requiring Plaintiffs and Class Members: to come
14 | early to work and leave late work without being able to clock in for all that time, to suffer under
15 | Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in
16 | and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock
17 | out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company
18 | meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through
19 | security screenings and/or temperature checks off the clock; failing to include all forms of
20 | remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask
21 | allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods
22 | where overtime was worked and the additional compensation was earned for the purpose of
23 | calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or
24 | manipulation of time entries; and by attempting but failing to properly implement an alternative
25 | workweek schedule ("AWS") (including, without limitation, by failing to implement a written
26 | agreement designating the regularly scheduled alternative workweek in which the specified number
27 | of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot
28 |

1  election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees

2  in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or

3  failing to register an AWS election with the State of California, as required by Labor Code section

4  511 and applicable Wage Orders)] to the detriment of Plaintiff and Class Members.

5      42.      Accordingly, by requiring Plaintiffs and Class Members to, at times, work greater than

6  eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

7  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

8  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

9  applicable IWC Wage Orders, and California law.

10     43.      As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been

11  deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus

12  interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and

13  1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

14                    **SECOND CAUSE OF ACTION**

15              **(Failure to Pay Minimum Wages – Against All Defendants)**

16     44.      Plaintiffs reallege and incorporate by reference all of the allegations contained in the

17  preceding paragraphs as though fully set forth hereat.

18     45.      At all relevant times, Plaintiffs and Class Members were employees or former

19  employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

20     46.      Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiffs and Class

21  Members were entitled to receive minimum wages for all hours worked or otherwise under

22  Defendants' control.

23     47.      For four (4) years prior to the filing of the Complaint in this Action through the present,

24  Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular

25  rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off

26  the clock, including, without limitation, by requiring Plaintiffs and Class Members: to come early to

27  work and leave late work without being able to clock in for all that time, to suffer under Defendants'

28

1  control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift

2  tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest

3  periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings

4  off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of

5  employee time entries; editing and/or manipulation of time entries to show less hours than actually

6  worked; failing to pay split shift premiums; and failing to pay reporting time pay] to the detriment of

7  Plaintiffs and Class Members.

8      48.      As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

9  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for

10  all hours worked or otherwise due.

11      49.      Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections

12  1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover

13  the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages,

14  reasonable attorneys' fees and costs of suit.

15                            **THIRD CAUSE OF ACTION**

16              **(Failure to Provide Meal Periods – Against All Defendants)**

17      50.      Plaintiffs reallege and incorporate by reference all of the allegations contained in the

18  preceding paragraphs as though fully set forth hereat.

19      51.      At all relevant times, Plaintiffs and Class Members were employees or former

20  employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

21      52.      Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall

22  employ an employee for a work period of more than five (5) hours without a timely meal break of not

23  less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore,

24  no employer shall employ an employee for a work period of more than ten (10) hours per day without

25  providing the employee with a second timely meal period of not less than thirty (30) minutes in which

26  the employee is relieved of all of his or her duties.

27      53.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

28

1    with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

2    the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of

3    compensation for each workday that the meal period is not provided.

4    54.    For four (4) years prior to the filing of the Complaint in this Action through the present,

5    Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free

6    uninterrupted meal periods every five hours of work without waiving the right to take them, as

7    permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

8    Member's regular rate of compensation on the occasions that Class Members were not provided

9    compliant meal periods.

10    55.    By their failure to provide Plaintiffs and Class Members compliant meal periods as

11    contemplated by Labor Code section 512, among other California authorities, and failing, at times, to

12    provide compensation for such unprovided meal periods, as alleged above, Defendants willfully

13    violated the provisions of Labor Code section 512 and applicable Wage Orders.

14    56.    As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

15    suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

16    for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

17    57.    Plaintiffs and Class Members are entitled to recover the full amount of their unpaid

18    additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

19    interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

20    Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

21    **FOURTH CAUSE OF ACTION**

22    **(Failure to Provide Rest Periods – Against All Defendants)**

23    58.    Plaintiffs reallege and incorporate by reference all of the allegations contained in the

24    preceding paragraphs as though fully set forth hereat.

25    59.    At all relevant times, Plaintiffs and Class Members were employees or former

26    employees of Defendants covered by applicable Wage Orders.

27    60.    California law and applicable Wage Orders require that employers "authorize and

28

1   permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work

2   period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3

3   ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts

4   of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest

5   period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)

6   minutes of paid rest period.

7      61.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

8   with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

9   Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

10  regular rate of compensation for each work day that the rest period is not provided.

11     62.    For four (4) years prior to the filing of the Complaint in this Action through the present,

12  Plaintiffs and Class Members were, at times, not authorized or permitted to take complete, timely 10-

13  minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.

14  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's

15  regular rate of compensation on the occasions that Class Members were not authorized or permitted

16  to take compliant rest periods.

17     63.    By their failure, at times, to authorize and permit Plaintiffs and Class Members to take

18  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

19  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully

20  violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

21     64.    As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

22  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

23  for rest periods that they were not authorized or permitted to take.

24     65.    Plaintiffs and Class Members are entitled to recover the full amount of their unpaid

25  additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest

26  and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of

27  Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

28

---

17

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

66.     Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

67.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

68.     Pursuant to Labor Code sections 201 and 202, Plaintiffs and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

69.     Plaintiffs are informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

70.     Plaintiffs are informed and believes Defendants' failure, at times, to pay Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiffs and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

71.     Pursuant to Labor Code section 203, Plaintiffs and Class Members are entitled to

1 | waiting time penalties from the date their earned and unpaid wages were due, upon termination or

2 | resignation, until paid, up to a maximum of thirty (30) days.

3 |     72.    As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

4 | suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

5 | prior to termination or resignation.

6 |     73.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

7 | 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover

8 | waiting time penalties, interest, and their costs of suit, as well.

9 | **SIXTH CAUSE OF ACTION**

10 | **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

11 |     74.    Plaintiffs reallege and incorporate by reference all of the allegations contained in the

12 | preceding paragraphs as though fully set forth hereat.

13 |     75.    At all relevant times, Plaintiffs and Class Members were employees or former

14 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

15 |     76.    Pursuant to Labor Code section 226, subdivision (a), Plaintiffs and Class Members

16 | were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

17 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net

18 | wages earned; all applicable hourly rates in effect during the pay period and the corresponding number

19 | of hours worked at each hourly rate, among other things.

20 |     77.    Plaintiffs are informed and believe, and based thereon alleges, that in the one (1) year

21 | before the filing of the Complaint in this Action through the present, Defendants failed to comply with

22 | Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

23 | failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that

24 | accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all

25 | applicable hourly rates in effect during the pay period and the corresponding number of hours worked

26 | at each hourly rate, among other things.

27 |     78.    Defendants' failure to, at times, provide Plaintiffs and Class Members with accurate

28 |

1 | wage statements was knowing, intentional, and willful. Defendants had the ability to provide
2 | Plaintiffs and the other Class Members with accurate wage statements, but, at times, willfully provided
3 | wage statements that Defendants knew were not accurate.

4 | 79.    As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have
5 | suffered injury. The absence of accurate information on Class Members' wage statements at times
6 | has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and
7 | mathematical computations to determine the amount of wages owed; causes difficulty and expense in
8 | attempting to reconstruct time and pay records; and led to submission of inaccurate information about
9 | wages and amounts deducted from wages to state and federal governmental agencies, among other
10 | things.

11 | 80.    Pursuant to Labor Code section 226, subdivision (e), Plaintiffs and Class Members are
12 | entitled to recover $50 for the initial pay period during the period in which violation of Labor Code
13 | section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay
14 | period, not to exceed an aggregate $4,000.00 per employee.

15 | 81.    Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure
16 | section 1032, Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full
17 | amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees,
18 | and costs of suit.

19 | **SEVENTH CAUSE OF ACTION**

20 | **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

21 | 82.    Plaintiffs reallege each and every allegation set forth in the preceding paragraphs and
22 | incorporate each by reference as though fully set forth hereat.

23 | 83.    At all relevant times, Plaintiffs and Class Members were employees or former
24 | employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

25 | 84.    Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days,
26 | inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during
27 | which the labor was performed, and labor performed between the 16th and the last day, inclusive, of

28 |

1  any calendar month, shall be paid for between the 1st and 10th day of the following month."

2      85.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely

3  independent and apart from, any other penalty provided in this article, every person who fails to pay

4  the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and

5  1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars

6  ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful

7  or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25

8  percent of the amount unlawfully withheld."

9      86.    Plaintiffs are informed and believes, and based thereon alleges, that in the one (1) year

10  before the filing of the Complaint in this Action through the present, Defendants employed policies

11  and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with

12  Labor Code section 204.

13      87.    Pursuant to Labor Code section 210, Plaintiffs and Class Members are entitled to

14  recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred

15  dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each

16  subsequent violation in connection with each payment that was made in violation of Labor Code

17  section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

18      88.    Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

19  1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recovery of penalties,

20  interest, and their costs of suit, as well.

21  **EIGHTH CAUSE OF ACTION**

22  **(Violation of Labor Code § 2802 – Against All Defendants)**

23      89.    Plaintiffs reallege and incorporate by reference all of the allegations contained in the

24  preceding paragraphs as though fully set forth hereat.

25      90.    At all relevant times, Plaintiffs and Class Members were employees or former

26  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

27      91.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

28

1  his or her employee for all necessary expenditures or losses incurred by the employee in direct

2  consequence of the discharge of his or her duties . . ."

3      92.      For three (3) years prior to the filing of the Complaint in this Action through the

4  present, Defendants required Plaintiffs and Class Members, or some of them, to incur, at times,

5  necessary expenditures or losses in direct consequence of the discharge of their duties or at the

6  obedience to the directions of Defendants that included, without limitation: using cellular phones for

7  work-related purposes.

8      93.      During that time period, Plaintiff is informed and believes, and based thereon alleges

9  that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiffs sand Class

10  Members for those losses and/or expenditures.

11      94.      As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

12  suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-

13  described losses and/or expenditures.

14      95.      Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

15  1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover

16  reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

17  costs of suit.

18  **NINTH CAUSE OF ACTION**

19  **(Violation of Labor Code § 404 – Against All Defendants)**

20      96.      Plaintiffs reallege and incorporate by reference all of the allegations contained in the

21  preceding paragraphs as though fully set forth herein.

22      97.      At all relevant times, Plaintiffs and Class Members were employees or former

23  employees of Defendants covered by Labor Code sections 400 through 410.

24      98.      Pursuant to Labor Code section 404, Defendants were required to immediately return

25  amounts deposited with accrued interest when Plaintiff and Class Members returned the required

26  uniforms to Defendants.

27      99.      Plaintiffs are informed and believe, and based thereon alleges that for three (3) years

28

22
CLASS ACTION COMPLAINT

1 | prior to the filing of this Action through the present, due to policies and practices adopted by

2 | Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return

3 | accrued interest on deposits made by Plaintiff and Class Members.

4 | 100.    As a result of Defendants' conduct, Plaintiffs and Class Members have suffered

5 | damages in an amount subject to proof, to the extent they were not compensated for accrued interest

6 | on amounts deposited.

7 | 101.    Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiffs and Class Members

8 | are entitled to recover their unpaid accrued interest on uniform deposits, reasonable attorney's fees

9 | and costs of suit.

10 | **TENTH CAUSE OF ACTION**

11 | **(Violation of Labor Code § 227.3 – Against All Defendants)**

12 | 102.    Plaintiffs reallege and incorporate by reference all of the allegations contained in the

13 | preceding paragraphs of this Complaint as though fully set forth hereon.

14 | 103.    According to Labor Code section 227.3, whenever a contract of employment or

15 | employer policy provides for paid vacations, and an employee is terminated without having taken off

16 | his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in

17 | accordance with such contract of employment or employer policy respecting eligibility or time served.

18 | 104.    Plaintiffs are informed and believe, and based thereon alleges that, at all times relevant

19 | hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

20 | that Plaintiff's employment contract with Defendants included paid vacations.

21 | 105.    For at least four (4) years prior to the filing of this action and continuing to the present,

22 | Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated

23 | employees or former employees within the State of California with compensation at their final rate of

24 | pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

25 | 106.    As a proximate result of Defendants' failure to pay vested vacation at the final rate of

26 | Plaintiffs and Class Members upon their resignation or termination, Defendants violated Labor Code

27 | section 227.3, entitling Plaintiffs and Class Members to all vested and unused vacation pay at their

28 |

1  final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiffs

2  and Class Members, on the one hand, and Defendants, on the other hand.

3      107.    As a further proximate result of Defendants' above-described acts and/or omissions,

4  Plaintiffs and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

5  prejudgment interest.

6                              **ELEVENTH CAUSE OF ACTION**

7                         **(Unfair Competition – Against All Defendants)**

8      108.    Plaintiffs reallege and incorporate by reference all of the allegations contained in the

9  preceding paragraphs as though fully set forth hereat.

10     109.    Plaintiffs are informed and believe and based thereon alleges that the unlawful conduct

11  of Defendants alleged herein constitutes unfair competition within the meaning of Business and

12  Professions Code section 17200.  Plaintiffs are further informed and believe and based thereon alleges

13  that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least

14  four (4) years prior to the filing of this action and continuing to the present, Defendants have had a

15  consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees

16  within the State of California with the rights provided to them under the Healthy Workplace Heathy

17  Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business

18  practices in violation of the Labor Code, Defendants have gained a competitive advantage over other

19  comparable companies doing business in the State of California that comply with their obligations to

20  compensate employees in accordance with the Labor Code.

21     110.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs and Class

22  Members have suffered injury in fact and lost money or property.

23     111.    Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members

24  are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and

25  requiring the establishment of appropriate and effective means to prevent further violations, as well

26  as restitution of all wages and other monies owed to them under the Labor Code, including interest

27  thereon, in which they had a property interest and which Defendants nevertheless failed to pay them

28

1    and instead withheld and retained for themselves. Restitution of the money owed to Plaintiffs and

2    Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure

3    to comply with the Labor Code.

4       112.      Plaintiffs and Class Members are entitled to costs of suit under Code of Civil Procedure

5    section 1032 and interest under Civil Code section 3287.

6                             **DEMAND FOR JURY TRIAL**

7       113.      Plaintiffs demand a trial by jury on all causes of action contained herein.

8                                   **PRAYER**

9       WHEREFORE, on behalf of Plaintiffs and Class Members, Plaintiff prays for judgment

10    against Defendants as follows:

11       A.      An order certifying this case as a Class Action;

12       B.      An Order appointing Plaintiffs as Class representative and appointing Plaintiffs'

13                counsel as class counsel;

14       C.      Damages for all wages earned and owed, including minimum and overtime wages

15                and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

16                1194, 1197 and 1199 and 227.3;

17       D.      Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

18       E.      Damages for unpaid premium wages from missed meal and rest periods under,

19                among other Labor Code sections, 512, 558.1 and 226.7;

20       F.      Penalties for inaccurate wage statements under Labor Code sections 226, subdivision

21                (e) and 558.1;

22       G.      Waiting time penalties under Labor Code sections 203 and 558.1;

23       H.      Penalties to timely pay wages under Labor Code section 210;

24       I.      Damages under Labor Code sections 2802 and 558.1;

25       J.      Damages under Labor Code section 404;

26       K.      Preliminary and permanent injunctions prohibiting Defendants from further violating

27                the California Labor Code and requiring the establishment of appropriate and

28

1    effective means to prevent future violations;

2    L.    Restitution of wages and benefits due which were acquired by means of any unfair

3          business practice, according to proof;

4    M.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

5    N.    For attorneys' fees in prosecuting this action;

6    O.    For costs of suit incurred herein; and

7    P.    For such other and further relief as the Court deems just and proper.

8

9    Dated:  November 21, 2024              BIBIYAN LAW GROUP, P.C.

10

11                                   BY:  /s/ David D. Bibiyan

12                                        David D. Bibiyan
                                          Bijan Mohseni
13
                                          Attorneys for Plaintiffs ELIZABETH PADILLA
14                                        and ARMANDO BERNAL, and on behalf of all
                                          others similarly situated
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BIBIYAN LAW GROUP, P.C. David D. Bibiyan (Cal. Bar No. 287811)<br>1460 Westwood Boulevard Los Angeles, California 90024<br><br>TELEPHONE NO.: 310-438-5555    FAX NO.: 310-300-1705<br>EMAIL ADDRESS: david@tomorrowlaw.com & bijan@tomorrowlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff. ELIZABETH PADILLA and ARMANDO BERNAL | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**11/21/2024 1:28 PM**<br>By: Ryan Carle, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Dr
MAILING ADDRESS: Santa Rosa, CA 95403    **3055 Cleveland Ave. Santa Rosa, CA 95403**
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Civil and Family Law Courthouse

CASE NAME:
ELIZABETH PADILLA and ARMANDO BERNAL V. WESTERN TRAFFIC CONTROL, INC. et al.

| CIVIL CASE COVER SHEET<br>[x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 24CV07026<br><br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [x] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [x] Substantial amount of documentary evidence
 d. [x] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Eleven (11)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/21/2024

David D. Bibiyan
(TYPE OR PRINT NAME)       ▶     /s/ David D. Bibiyan
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]              **CIVIL CASE COVER SHEET**              Page 2 of 2

privacy, please press the Clear This Form button after yo    | Print this form |    | Save this form |    | Clear this form |

# EXHIBIT 4

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| David Bibiyan, Esq. \| SBN: Bar No. 287811<br>Bibiyan Law Group<br>1460 Westwood Blvd.  Los Angeles, CA 90024 | |
| TELEPHONE NO.: (310) 438-5555 \| FAX NO. (310) 300-1705 \| E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: ELIZABETH PADILLA and ARMANDO BERNAL | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**1/17/2025 9:53 AM**<br>**By: Taylor Curtis, Deputy Clerk** |

| **Sonoma County Superior Court** | |
|---|---|
| STREET ADDRESS: 3055 Cleveland Avenue | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Santa Rosa, CA 95403 | |
| BRANCH NAME: | |

| PLAINTIFF:  ELIZABETH PADILLA and ARMANDO BERNAL, etc. | CASE NUMBER: |
|---|---|
| DEFENDANT:  WESTERN TRAFFIC CONTROL, INC., etc., et al | 24CV07026 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>E. Padilla |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*: **Civil Case Cover Sheet**

3. a. Party served *(specify name of party as shown on documents served)*:
   **WESTERN TRAFFIC CONTROL, INC., a California Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **JOHN HERNANDEZ - Agent for Service of Process**

4. Address where the party was served:  **WESTERN TRAFFIC CONTROL, INC.**
   **23873 Clinton Keith Road, # 205**
   **Wildomar, CA 92595**

5. I served the party *(check proper box)*

   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*    (2) at *(time):*

   b. ☑ **by substituted service.** On *(date):* **1/14/2025** at *(time):* **11:25 AM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
   **Michael Wargatt - Person Apparently in Charge**

   Age: 40yrs Race: White Sex: Male Height: 6'0 Weight: 200lbs Hair: light brn Eyes:

   (1) ☑ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*    from *(city):*    **or** ☑ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/829497** |
|---|---|---|

| PETITIONER: ELIZABETH PADILLA and ARMANDO BERNAL, etc. | CASE NUMBER: |
| RESPONDENT: WESTERN TRAFFIC CONTROL, INC., etc., et al | 24CV07026 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **WESTERN TRAFFIC CONTROL, INC., a California Corporation**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)                       ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)               ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)                   ☐ 415.46 (occupant)
                                         ☐ other:

7. **Person who served papers**
  a. Name: **William Del Valle - All-N-One Legal Support, Inc.**
  b. Address: **1541 Wilshire Blvd, Suite 405 Los Angeles, CA 90017**
  c. Telephone number: **(213) 202-3990**
  d. **The fee** for service was: **$ 98.98**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner     ☐ employee     ☑ independent contractor.
      (ii) Registration No.: **2268**
      (iii) County: **Riverside**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **1/15/2025**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

_____
        **William Del Valle**
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

                                 (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

| Attorney or Party without Attorney: | | | | FOR COURT USE ONLY |
|---|---|---|---|---|
| David Bibiyan, Esq., SBN: Bar No. 287811<br>Bibiyan Law Group<br>1460 Westwood Blvd.<br>Los Angeles, CA 90024<br>TELEPHONE No.: **(310) 438-5555**    FAX No. (Optional): **(310) 300-1705** | | | E-MAIL ADDRESS (Optional): | |

Attorney for: **Plaintiff ELIZABETH PADILLA and ARMANDO BERNAL**

Ref No. or File No.:
**E. Padilla**

Insert name of Court, and Judicial District and Branch Court:

**Sonoma County Superior Court -**

Plaintiff: **ELIZABETH PADILLA and ARMANDO BERNAL, etc.**

Defendant: **WESTERN TRAFFIC CONTROL, INC., etc., et al**

| **PROOF OF SERVICE<br>BY MAIL** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>**24CV07026** |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

On January 15, 2025, after service under  section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of  the:

2. **Documents: Summons; Complaint; Civil Case Cover Sheet**

3. By placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as  follows:

a. **Date of Mailing:** **January 15, 2025**

b. **Place of Mailing:** **Los Angeles, CA 90017**

c. **Addressed as follows:** **WESTERN TRAFFIC CONTROL, INC., a California Corporation<br>ATTENTION: JOHN HERNANDEZ - Agent for Service of Process<br>23873 Clinton Keith Road, # 205<br>Wildomar, CA 92595**

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of  business.

Fee for Service: **$ 98.98**
    County:
     Registration:
    **All-N-One Legal Support, Inc.**
    1541 Wilshire Blvd, Suite 405
    Los Angeles, CA 90017
    (213) 202-3990
    Ref: E. Padilla

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  **January 15, 2025.**

Signature: _____
    **Peggy Wesley**

## PROOF OF SERVICE BY MAIL

Order#: 829497/mailproof

**57**

# EXHIBIT 5

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL AND FAMILY LAW COURTHOUSE**<br>**CIVIL DIVISION**<br>3055 CLEVELAND AVE.<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6510<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**F I L E D**<br>11/22/2024<br>Superior Court of California<br>County of Sonoma<br><br>By: <u>Ryan Carle</u><br>Ryan Carle. Deputy Clerk |
| PADILLA vs WESTERN TRAFFIC CONTROL, INC. | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>24CV07026 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. BRADFORD DEMEO FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.

A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date: Thursday, 05/01/2025 | Time: 3:00 PM | Courtroom 17 |
| Location: 3035 Cleveland Avenue, Santa Rosa. CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS

### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov.  The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

***Note****: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court.  This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.   On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C**:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

# EXHIBIT 6

1  **O'HAGAN MEYER** LLP
EFTHALIA S. ROFOS, SB# 309065
2    E-Mail: TRofos@ohaganmeyer.com
SPYROS STAIKOS, SB# 345848
3    E-Mail: SStaikos@ohaganmeyer.com
4695 MacArthur Court, Suite 900
4  Newport Beach, California 92660
Telephone: 949.519.2080
5  Facsimile: 949.519.2110

6  Attorneys for Defendant,
WESTERN TRAFFIC CONTROL, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SONOMA

10

| | |
|---|---|
| 11  ELIZABETH PADILLA and ARMANDO BERNAL, as individuals and on behalf of all 12  others similarly situated, | CASE NO. 24CV07026 |
| | CLASS ACTION |
| 13              Plaintiffs, | Hon. Jane Gaskell Dept. 17 |
| 14         vs. | **DEFENDANT WESTERN TRAFFIC** |
| 15  WESTERN TRAFFIC CONTROL, INC., a California corporation; and DOES 1 through 16  100, inclusive, | **CONTROL, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT** |
| 17              Defendants. | Complaint Filed:     11/21/24 |
| 18 | Trial Date:          Not set |

19

20          TO THE COURT, TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

21          Defendant WESTERN TRAFFIC CONTROL, INC. ("Defendant") hereby submits its

22  Answer to the Class Action Complaint ("Complaint") of plaintiffs ELIZABETH PADILLA and

23  ARMANDO BERNAL (collectively, "Plaintiffs") as follows:

24                        **GENERAL DENIAL**

25          Pursuant to California Code of Civil Procedure sections 431.30, et seq., Defendant denies

26  each, every, and all allegations in Plaintiffs' Complaint, and the whole thereof, including each and

27  every purported cause of action alleged therein, whether pleaded individually or on behalf of any

28  putative Class. Defendant further denies that Plaintiffs or any member of any putative Class has

sustained, or will sustain, injury, damage, or other loss in the amounts alleged, or in any amount whatsoever, by reason of any act, conduct, or omissions by, on behalf, or on the part of Defendant or their respective agents or employees, and Defendant further denies that Plaintiffs or any member of any putative Class is entitled to any relief whatsoever from Defendant.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. These affirmative defenses, except where otherwise indicated, are asserted as to each and every allegation in Plaintiffs' Complaint. Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to another party. Moreover, nothing stated herein is intended to, or shall be, construed as a concession that any particular allegation, issue, or subject matter is true, accurate, or relevant.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.     Defendant alleges that neither Plaintiffs' Complaint, nor any purported cause of action alleged therein, state facts sufficient to constitute a cause of action against Defendant for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Plead with Certainty and Particularity)

2.     Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is not pled with sufficient particularity, and thus fails as uncertain, vague, ambiguous, and/or unintelligible.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

3.     Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, the statute of limitations set forth in California Code of Civil Procedure sections 338, 340, 343, and 359; California Labor Code sections 203 and 226; California Business and Professions Code section 17208; and/or any other applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

4.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action therein, fails, in whole or in part, to the extent that Plaintiffs lacks standing to assert or bring some or all of the claims alleged in the Complaint, or to obtain the relief sought therein, either individually or on behalf of any putative Class.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands, Estoppel, Waiver)**

5.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, and/or waiver, by virtue of Plaintiffs and/or putative Class Members' acts, failures to act, conduct, representations, admissions, and the like.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

6.      Defendant alleges that any recovery on Plaintiffs' Complaint, and any claim for relief alleged therein, is barred, in whole or in part, by the doctrine of laches, in that Plaintiffs unjustifiably delayed prosecution of this action to the detriment of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Consent)**

7.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiffs and/or putative Class Members, at all relevant times, gave their consent, express or implied, to the alleged acts, conduct, and/or omissions of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Ratification)**

8.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, on the grounds that Plaintiffs and/or putative Class Members ratified Defendant's alleged actions.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(No Regular Business Practice)**

9.       Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, fails to establish a regular business practice or unlawful pattern of conduct by or on behalf of Defendant.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(Full Compliance with Law)**

10.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, fails, in whole or in part, because any actions taken by Defendant were either in full compliance with applicable law, or in accordance with what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

**(Good Faith Actions)**

11.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, fails, in whole or in part, because at all times relevant hereto, Defendant complied in good faith with all employment laws, labor laws, and other applicable law, as well as reasonable interpretations of the same, pertaining to the employment of Plaintiffs and/or putative Class Members.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(No Willful Conduct)**

12.      Defendant alleges that even if they engaged in the conduct alleged by Plaintiffs, which allegations Defendant denies, such actions or failures to act were not willful.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

**(Full Payment)**

13.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, fails, in whole or in part, because Plaintiffs have been paid all income, wages, premiums, and sums to which they have ever been entitled.

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

**(Misrepresentation and Reliance Thereon)**

3      14.    Defendant alleges that Plaintiffs and/or putative Class Members are barred from

4    recovering relief to the extent they knowingly misrepresented certain facts to Defendant, including,

5    without limitation, the hours they worked, and Defendant employed and paid Plaintiffs and/or

6    putative Class Members in reliance on such misrepresentations.

7

**FIFTEENTH AFFIRMATIVE DEFENSE**

8

**(No Basis for Knowledge)**

9      15.    Defendant alleges that Plaintiffs' Complaint, and each purported cause of action

10    alleged therein, fails, in whole or in part, because any alleged unpaid wages for regular or overtime

11    hours which Plaintiffs and/or putative Class Members now claim were worked were either

12    unauthorized, were actively concealed from Defendant, and/or there was no reasonable basis why

13    Defendant knew or should have known of such work.

14

**SIXTEENTH AFFIRMATIVE DEFENSE**

15

**(Bona Fide Dispute)**

16      16.    Defendant alleges that Plaintiffs' Complaint, and each purported cause of action

17    alleged therein, fails, in whole or in part, because there exists a bona fide dispute as to whether any

18    further compensation is due to Plaintiffs and/or putative Class Members; and, if so, the amounts

19    thereof.

20

**SEVENTEENTH AFFIRMATIVE DEFENSE**

21

**(Meal Period Law)**

22      17.    Defendant alleges that, pursuant to the provisions of the California Labor Code,

23    applicable Wage Order, and all other governing laws, it authorized and provided Plaintiffs and/or

24    putative Class Members the ability to take timely and uninterrupted off-duty meal periods of at

25    least thirty minutes during qualifying work shifts, and never prevented, obstructed, or prohibited

26    them from doing so.

27    / / /

28    / / /

1    **EIGHTEENTH AFFIRMATIVE DEFENSE**

2    **(Rest Period Law)**

3        18.    Defendant alleges that, pursuant to the provisions of the California Labor Code,

4    applicable Wage Order, and all other governing laws, Defendant authorized and provided Plaintiffs

5    and/or putative Class Members the ability to take timely and uninterrupted off-duty rest periods of

6    at least ten minutes during qualifying work shifts, and never prevented, obstructed, or prohibited

7    them from doing so.

8    **NINETEENTH AFFIRMATIVE DEFENSE**

9    **(Defendant Not at Fault for Failure to Take Meal and/or Rest Periods)**

10        19.    Defendant alleges  that they made Plaintiffs and/or putative Class Members aware

11    of their right to, and encouraged them to, take timely, complete, and uninterrupted off-duty meal

12    and rest periods, and did not require them to work during meal or rest periods; and, therefore,

13    Defendant is not liable to Plaintiffs or putative Class Members for any failure by them to take such

14    meal and/or rest periods.

15    **TWENTIETH AFFIRMATIVE DEFENSE**

16    **(Failure to Follow Instructions)**

17        20.    Defendant alleges that Plaintiffs' Complaint, and each purported cause of action

18    therein, fails, in whole or in part, because any failure on the part of Plaintiffs and/or putative Class

19    Members to take meal or rest periods, or to comply with Defendant's worktime recording and

20    reimbursement policies and requirements, was the result of Plaintiffs and/or putative Class

21    Members' failure to follow Defendant's reasonable instructions and wage and hour policies.

22    **TWENTY-FIRST AFFIRMATIVE DEFENSE**

23    **(Expenditures Not Recoverable)**

24        21.    Defendant alleges that Plaintiffs and/or putative Class Members are barred from

25    recovering any and all relief in connection with any expenditures or losses alleged to have been

26    incurred by Plaintiffs and/or putative Class Members, because any such expenditures or losses

27    incurred, if any, were not necessary or reasonable, were not incurred in direct consequence of the

28    discharge of Plaintiffs and/or putative Class Members' duties, and/or were not incurred in direct

6

consequence of Plaintiffs and/or putative Class Members' obedience to the directions of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Wage Statements Furnished)

22.    Defendant alleges that, pursuant to the provisions of the California Labor Code, applicable Wage Order, and all other governing laws, Defendant furnished proper itemized wage statements to Plaintiffs and/or putative Class Members.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Wage Statements - Conduct Not Knowing or Intentional, No Injury Suffered)

23.    Defendant alleges that even if Plaintiffs and/or putative Class Members were not provided with proper itemized wage statements (which is not admitted, but considered solely for purposes of this affirmative defense), Plaintiffs and/or putative Class Members are not entitled to recovery because any alleged failure by Defendant to comply with California Labor Code section 226(a), if any, was not a "knowing and intentional" failure under California Labor Code section 226(e), and/or Plaintiffs and/or putative Class Members did not suffer injury as a result of any such alleged failure.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

24.    Defendant alleges that to the extent Plaintiffs seeks statutory penalties for an alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred, or must be reduced, because Defendant did not willfully violate the requirements of California Labor Code sections 201, 202, or 203, or any applicable California Labor Code section, and a good faith dispute exists concerning such alleged violations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties for Non-Seasonal Laborers)

25.    Defendant alleges that Plaintiffs and/or putative Class Members are not entitled to recover penalties for alleged violations of California Labor Code section 203 because penalties for violations of California Labor Code section 203 are specifically provided for by California Labor Code section 256. Penalties under California Labor Code section 256 is only available in the context

1  of seasonal laborers, and Claimant was not a seasonal laborer.

2  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

3  ### (Legitimate Business Purposes)

4  26.      Defendant alleges that they cannot be held liable for any alleged violation under

5  California Business and Professions Code sections 17200, et seq. because Defendant's actions were

6  not unfair, fraudulent, or likely to mislead, and its conduct and dealings were lawful, as authorized

7  by applicable statutes, rules, and regulations, and such actions, conduct, and dealings were carried

8  out in good faith and for legitimate business purposes.

9  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

10 ### (No Intent to Injure)

11 27.      Defendant alleges that they had no intent to injure competitors or destroy

12 competition, and no actual damages and/or losses were suffered, and therefore, Defendant may not

13 be held liable under California Business and Professions Code sections 17200, et seq.

14 ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

15 ### (No Equitable Relief)

16 28.      Defendant alleges that Plaintiffs and putative Class Members are barred from

17 recovering equitable relief under California Business and Professions Code sections 17200, et seq.,

18 insofar as they have adequate remedies at law.

19 ### TWENTY-NINTH AFFIRMATIVE DEFENSE

20 ### (No Injunctive Relief)

21 29.      Defendant alleges that Plaintiffs and/or putative Class Members are barred from

22 recovering injunctive relief under California Business and Professions Code sections 17200, et seq.,

23 insofar as conduct complained of has ceased and is not likely to recur.

24 ### THIRTIETH AFFIRMATIVE DEFENSE

25 ### (Avoidable Consequences)

26 30.      Defendant alleges that Plaintiffs and/or putative Class Members have a duty to use

27 such means as are reasonable under the circumstances to avoid or mitigate any alleged injury,

28 damage, or other loss that result from statutory violations, if any; that to the extent there was any

8

1  statutory violation (which is not admitted, but considered solely for purposes of this affirmative

2  defense), Plaintiffs and/or putative Class Members unreasonably failed to avoid or reduce harm,

3  including by failing to utilize Defendant's internal complaint/grievance procedures so that if there

4  was any statutory violation, it would be promptly corrected, remedied, and prevented from repeating

5  and recurring; and that Plaintiffs and/or putative Class Members are therefore barred from any

6  recovery based on any harm that could have been reasonably avoided.

7                    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

8                         **(Failure to Mitigate Damages)**

9           31.      Defendant alleges that if Plaintiffs and/or putative Class Members suffered any

10  injury, damage, or loss as a result of the facts alleged in the Complaint, which Defendant denies,

11  Plaintiffs and/or putative Class Members are not entitled to recover the amount of loss alleged, or

12  any recovery at all, due to their failure to make reasonable efforts to mitigate or minimize the losses

13  incurred, if any, namely by utilizing Defendant's internal complaint procedures.

14                  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

15                      **(Breach of Statutory Obligations)**

16          32.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action

17  alleged therein, fails, in whole or in part, by virtue of Plaintiffs' failure to use ordinary care and

18  diligence, or exercise a reasonable degree of skill, in performing the terms and conditions of their

19  employment, and failure to substantially comply with all directions concerning her employment, in

20  violation of California Labor Code sections 2854, 2856, 2858, 2859, and 2865.

21                   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

22                         **(Plaintiffs' Own Acts)**

23          33.      Defendant alleges that any injury or damage alleged by Plaintiffs, if any, was

24  caused by their own intentional or negligent acts, thus barring or limiting their right of recovery.

25                  **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

26                         **(After-Acquired Evidence)**

27          34.      Defendant alleges that Plaintiffs' Complaint, and each purported cause of action

28  alleged therein, is barred, in whole or in part, as to recoverable relief based on after-acquired

9

1  evidence Defendant has presently and/or may acquire during the course of this litigation.

2  ## THIRTY-FIFTH AFFIRMATIVE DEFENSE

3  ### (Speculative Recovery)

4  35.    Defendant alleges that Plaintiffs and/or putative Class Members are precluded from

5  recovering the damages, statutory penalties, and other monetary relief alleged in the Complaint

6  because such relief is too vague, uncertain, and speculative to permit recovery.

7  ## THIRTY-SIXTH AFFIRMATIVE DEFENSE

8  ### (No Penalties)

9  36.    Defendant alleges that Plaintiffs' Demand, and any claim for relief alleged therein,

10 fails to allege facts sufficient to establish a claim for penalties against Defendant.

11 ## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

12 ### (No Liquidated Damages)

13 37.    Defendant alleges that, should Defendant be held liable under California Labor

14 Code section 1194, Plaintiffs and/or putative Class Members are not entitled to recover liquidated

15 damages because the acts or omissions giving rise to the action were done in good faith, and

16 Defendant had reasonable grounds for believing that any such acts or omissions were not a violation

17 of any provision of applicable law.

18 ## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

19 ### (No Right to Pre-Judgment Interest)

20 38.    Defendant alleges that Plaintiffs and putative Class Members are barred from

21 recovering pre-judgment interest because any alleged damages, if any, are not certain, or capable of

22 being made certain, by any calculation.

23 ## THIRTY-NINTH AFFIRMATIVE DEFENSE

24 ### (No Attorneys' Fees)

25 39.    Defendant alleges that Plaintiffs' Complaint, and any claim for relief alleged

26 therein, fails to allege facts sufficient to establish a claim for attorneys' fees against Defendant.

27 / / /

28 / / /

**FORTIETH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

40.     Defendant alleges that Plaintiffs' Complaint, and each purported cause of action therein, is barred, in whole or in part, because any recovery, or portion of recovery being requested, either individually or on behalf of putative Class Members, would constitute unjust enrichment.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Offset)**

41.     Defendant alleges that if any alleged injuries were in fact suffered by Plaintiffs and/or putative Class Members, Defendant is entitled to an offset or set off for any amounts already received by Plaintiffs and/or putative Class Members from Defendant.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Uncertifiable Putative Class)**

42.     Defendant alleges that Plaintiffs' class claims are barred because Defendant has not engaged in actions of the kind alleged that are generally applicable to putative Class Members, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Insufficient Numerosity)**

43.     Defendant alleges that Plaintiffs' class claims are barred because Plaintiffs cannot establish that members of the putative Class are so numerous that joinder is impracticable; and, therefore, Plaintiff cannot meet the prerequisites for a class action.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Insufficient Commonality)**

44.     Defendant alleges that Plaintiffs' class claims are barred because questions of law and/or fact common to putative Class Members do not predominate, and that, conversely, individualized questions and proof peculiar to each cause of action and putative Class Members predominate; and, therefore, Plaintiffs cannot meet the prerequisites for a class action.

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Insufficient Typicality)**

45.     Defendant alleges that Plaintiffs' class claims are barred because the claims of Plaintiffs are not typical of those of the putative Class Members that Plaintiffs purports to represent, and/or are subject to unique defenses by Defendant; and, therefore, Plaintiffs cannot meet the prerequisites for a class action.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Insufficient Community of Interest)**

46.     Defendant alleges that Plaintiffs' class claims are barred because there is no community of interest in the claims asserted by Plaintiffs and those of putative Class Members; and, therefore, Plaintiffs cannot meet the prerequisites for a class action.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Inadequacy of Putative Class Representative)**

47.     Defendant alleges that Plaintiffs' class claims are barred because Plaintiffs are not an adequate or suitable representative for the putative Class that Plaintiffs purports to represent, and that the claims of Plaintiffs are not representative of those of putative Class Members; and, therefore, Plaintiffs cannot meet the prerequisites for a class action.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Actions Adverse to Putative Class Members)**

48.     Defendant alleges that Plaintiffs' class claims are barred and/or reduced by virtue of Plaintiffs and their attorneys having taken actions adverse and inimical to the interests of putative Class Members, and for their own benefit, and by purporting to act when Plaintiffs have and had an irreconcilable conflict of interest with putative Class Members, rendering any judgment, award, or settlement void or voidable.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(Bad Faith Claims)**

49.     Defendant alleges that the allegations and causes of action asserted in Plaintiffs' Complaint have always been, and continue to be, frivolous, groundless, without merit, and that

12

1  Plaintiffs have brought this lawsuit in bad faith.

2  ### FIFTIETH AFFIRMATIVE DEFENSE

3  ### (No Private Right of Action)

4       50.     Defendant alleges that Plaintiffs lacks standing to assert some or all of the claims

5  alleged in the Complaint either individually or as a class action as there is no private right of action

6  pursuant to Labor Code sections 204 and 1174(d).

7  ### FIFTY-FIRST AFFIRMATIVE DEFENSE

8  ### (Business Expense Reimbursements)

9       51.     Defendant alleges that Plaintiffs and the putative class members, did not incur any

10  business expenses and therefore cannot recover damages or statutory penalties under Labor Code

11  section 2802.

12  ### FIFTY-SECOND AFFIRMATIVE DEFENSE

13  ### (Manageability)

14       52.     Defendant alleges that no trial plan exists whereby Plaintiffs' claims could be

15  managed and decided upon as class claims at trial.

16  ### FIFTY-THIRD AFFIRMATIVE DEFENSE

17  ### (Unknown Defenses)

18       53.     Defendant alleges that they presently have insufficient knowledge or information

19  upon which to form a belief as to whether they may have separate or additional, as yet unstated,

20  affirmative defenses available. Defendant therefore hereby reserves the right to assert additional

21  affirmative defenses in the event discovery indicates their appropriateness or suitability.

22  ### FIFTY-FOURTH AFFIRMATIVE DEFENSE

23  ### (Arbitration Agreement)

24       54.     The Complaint as a whole, and each purported cause of action alleged therein, is

25  barred in whole or in part to the extent that Plaintiffs signed a legally valid agreement to arbitrate

26  any dispute, claim or controversy arising out of their employment and to dismiss all class claims.

27  ///

28  ///

1

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

2

### (Subject Matter Jurisdiction)

3      55.      Defendant reserves their right to move for Removal of this matter should they

4   discover, based on their own investigation or other information, that the case is subject to removal

5   to federal court under the Federal Arbitration Act, National Labor Relations Act, Class Action

6   Fairness Act or any other federal law or statute

7                          ### RESERVATION OF RIGHTS

8      Defendant hereby gives notice that they intend to rely upon such other and further

9   affirmative defenses as may become available during discovery in this action and reserves the right

10   to amend their Answer to assert any such additional affirmative defenses.

11                                 ### PRAYER

12      WHEREFORE, Defendant prays for judgment as follows:

13   1.   That this action be dismissed in its entirety, with prejudice;

14   2.   That Plaintiffs and putative Class Members take nothing by way of the Complaint;

15   3.   That judgment be entered in favor of Defendant and against Plaintiffs;

16   4.   That Defendant be awarded its costs of suit and, where authorized by law, attorneys' fees

17       incurred in defense of this action; and

18   5.   For any such other and further relief as the Court may deem just and proper.

19

20   DATED: February 18, 2025          **O'HAGAN MEYER LLP**

21

22                          By: _____
                                Efthalia S. Rofos
23                              Spyros Staikos
                                Attorneys for Defendant,
24                              WESTERN TRAFFIC CONTROL, INC.

25

26

27

28

14

## CALIFORNIA STATE COURT PROOF OF SERVICE
*Elizabeth Padilla, et al. v. Western Traffic Control, Inc., et al.*
Sonoma County Super. Ct. Case No. 24CV07026

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action.  My business address is 4695 MacArthur Court, Suite 900, Newport Beach, CA 92660.

On February 18, 2025, I served true copies of the following document(s): **DEFENDANT WESTERN TRAFFIC CONTROL, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Bijan Mohseni, Esq.<br>Gayane Ghandilyan, Esq.<br>BIBIYAN LAW GROUP, P.C.<br>1460 Westwood Blvd.<br>Los Angeles, CA 90024<br>bijan@tomorrowlaw.com<br>gayane@tomorrowlaw.com<br>(310) 438-5555  Fax: (310) 300-1705<br><br>Estefany Gutierrez<br>estefany@tomorrowlaw.com<br>Maxwell Kim<br>maxwell@tomorrowlaw.com<br>Enrique Chahin<br>enrique@tomorrowlaw.com | Attorneys for Plaintiffs,<br>ELIZABETH PADILLA and<br>ARMANDO BERNAL, individually and on behalf of all others similarly situated |

The documents were served by the following means:

☒      (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address estanford@ohaganmeyer.com to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 18, 2025, at Las Vegas, Nevada.

_____
ERICA STANFORD
[Service copy of Proof of Service is unsigned as required by Code Civ. Proc., § 1013]

**Erica Stanford**

| | |
|---|---|
| **From:** | admin=aws.firstlegal.com@firstconnect.firstlegal.com on behalf of admin@aws.firstlegal.com |
| **Sent:** | Tuesday, February 18, 2025 11:54 AM |
| **To:** | Erica Stanford; myoung@firstlegal.com |
| **Subject:** | [EXTERNAL] First Legal Order Submitted – 14039464 – PADILLAvsWESTERN TRAFFIC CONTROL, INC. – 24CV07026 |

**CAUTION:** This email originated from outside the organization.
Do not click links or open attachments unless you are expecting them from the sender.

First Connect eFile Order Confirmation                    View in First Connect





# Your eFiling Has Been Submitted!

This confirms your order to eFile the below document(s) has been submitted to the court.

Once your eFile order has been reviewed you will receive a status update with details stating if your documents were Accepted, Partially Accepted or Rejected by the Clerk, followed by your conformed or received copy(s) or else rejection notice.

| First Legal Control #: | 14039464 |
|---|---|

| Court | Sonoma Civil |
|---|---|

1

**78**

| Case Number | 24CV07026 |
| Case Name | PADILLAvsWESTERN TRAFFIC CONTROL, INC. |
| Client Matter | 1053-41707 |
| Portal Reference Number | 11354885 |
| Court Transaction / Envelope Number(s) | 18297662 |
| Submitted On | 2025-02-18 11:43 |

**Document(s):**

DEFENDANT WESTERN TRAFFIC CONTROL, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

**Additional Instructions**

N/A

Should you have any questions, please contact Client Care and Success at 877.350.8698, email clientcare@firstlegal.com or you can log in and manage your cases and orders in First Connect.

Thank you for using First Legal.



**First Legal**
**800.889.0111**



© Copyright 2024, First Legal. All rights reserved. Terms of Use and Privacy Policy. Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

2